# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2025 WY 132

*October Term, A.D. 2025*

**December 11, 2025**

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

D-22-0003, D-22-0004

CODY M. JERABEK, WSB #7-5758,

Respondent.

## ORDER REINSTATING ATTORNEY TO THE PRACTICE OF LAW

[¶1]   **This matter** came before the Court upon a Report and Recommendation for Reinstatement of Attorney, filed herein November 19, 2025, by a review panel of the Board of Professional Responsibility for the Wyoming State Bar, pursuant to a stipulation.  By order entered October 26, 2022, this Court suspended Respondent from the practice of law for three years, with the period of suspension beginning December 15, 2022. *Bd. of Pro. Resp., Wyoming State Bar v. Jerabek*, 2022 WY 134A, 519 P.3d 309 (Wyo. 2022). Respondent subsequently sought reinstatement. *See* Rule 22(b), Wyoming Rules of Disciplinary Procedure.  Now, after a careful review of Report and Recommendation for Reinstatement of Attorney and the file, this Court finds the Report and Recommendation should be approved, confirmed and adopted by the Court and that Respondent Cody M. Jerabek should be reinstated to the practice of law.  It is, therefore,

[¶2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Reinstatement, filed herein November 19, 2025, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed and adopted by this Court; and it is further

[¶3]   **ADJUDGED AND ORDERED** that the Respondent, Cody M. Jerabek, be, and hereby is, reinstated to the practice of law in Wyoming, effective immediately; and it is further

[¶4]  **ORDERED** that, pursuant to Rule 9(b) Wyoming Rules of Disciplinary Procedure, this Order Reinstating Attorney to the Practice of Law, along with the incorporated Report and Recommendation for Reinstatement, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶5]  **ORDERED** that the Clerk of this Court shall docket this Order Reinstating Attorney to the Practice of Law, along with the incorporated Report and Recommendation for Reinstatement, as a matter coming regularly before this Court as a public record; and it is further

[¶6]  **ORDERED** that the Clerk of this Court transmit a copy of this Order Reinstating Attorney to the Practice of Law to the members of the Board of Professional Responsibility and to the clerks of the appropriate courts of the State of Wyoming.

[¶7]  **DATED** this 11th day of December, 2025.

**BY THE COURT:**

/s/

**LYNNE BOOMGAARDEN**
**Chief Justice**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

NOV 1 9 2025

SHAWNA GOETZ, CLERK

by DEPUTY

## BEFORE THE SUPREME COURT
## STATE OF WYOMING

In the matter of           )
Cody M. Jerabek        )
WSB #7-5758,           )     BPR No. 2021-078
                         )     D-22-0003
       Respondent      )

### REPORT AND RECOMMENDATION FOR REINSTATEMENT OF ATTORNEY

THIS MATTER came before a Review Panel of the Board of Professional Responsibility for consideration of a stipulation for reinstatement of Respondent Cody M. Jerabek. Present at the hearing were Review Panel members John C. Brooks (chair), W. Thomas Sullins and Tandy Dockery. Respondent appeared in person. The Wyoming State Bar was represented by Mark W. Gifford, Bar Counsel. Upon review of Respondent's Verified Petition for Reinstatement and giving due consideration to statements of Respondent and Bar Counsel, the Review Panel finds:

1. Respondent was admitted to the Wyoming State Bar in 2016, and practiced law in Wyoming until his suspension in 2022, as articulated in the Wyoming Supreme Court's *Order of Suspension* issued on October 26th, 2022.

2. Originally, Respondent's three-year suspension was to begin on November 1st, 2022. However, after a joint and stipulated *Motion* was filed, the Court modified the suspension to begin on December 15th, 2022, in order to allow Respondent to time to finalize and wrap up his practice.

3. Respondent's suspension will expire on December 15th, 2025. Respondent's petition for reinstatement was filed September 23, 2025, within 90 days of the expiration of the Order of Suspension, as is allowed by the Rules of Disciplinary Procedure.

4. During his suspension, Respondent:

a. Fully complied with all applicable conditions imposed by the Court, its Orders and the Wyoming State Bar;

b. Did not engage at any point in time in the unauthorized practice of law.

c. Paid all costs, fees and fines as required by this Court's Orders.

d. Complied with all relevant requirements of Rule 21 of the Wyoming Rules of Disciplinary Procedure.

e. Remained current on the payment of all annual license fees.

f. Has complied with all continuing legal education requirements during the disciplinary period.

g. Does not owe any restitution to any party or the Client Protection Fund.

h. Has paid the requisite fee of $500 contemporaneously with this Petition.

5. Respondent has achieved significant personal and professional development since he was suspended. Respondent asserts that he has been sufficiently rehabilitated and is currently fit to practice law.

6. During his suspension, Respondent successfully owned and operated a local food truck and catering business, and received numerous awards and accolades related thereto; successfully owned and operated a roofing and restoration company, with offices in four different states and meaningful contribution to the local economy, maintaining licensure in over 30 different states, jurisdictions and municipalities; successfully competed as a professional mixed martial artist, fighting throughout the United States and in multiple different countries, for some of the largest mixed martial arts organizations and entities in the world; and proudly maintained sobriety and participated in meaningful long-term therapy, addressing many of the major issues that

2

contributed to his prior misconduct. The Panel notes that Respondent has maintained his sobriety for more than four years.

7. Respondent was hired as the Director of the Wyoming Lawyer Assistance Program (WyLAP) beginning in 2024, assisting a plethora of attorneys and legal professionals in addressing their issues related to substance abuse, addiction, mental health crisis and other personal matters, while ethically and effectively adhering to and abiding by the Court's rules related thereto. Respondent expanded the WyLAP Program and its scope to the point where he was recently offered a position as a half-time staff member of the Wyoming State Bar by the Board of Officers and Commissioners. This position was accepted by Respondent and will greatly contribute to the overall well-being of this State's legal community.

8. Respondent has published numerous articles on addiction, recovery, ethics and well-being in the legal field. He has spoken at multiple different national conferences and conventions, at the University of Wyoming College of Law, to members of the State's judiciary and throughout the State of Wyoming on attorney well-being, mental health, addiction, substance abuse, ethics and recovery. In addition, Respondent has attended multiple other national conferences on similar topics, actively engaged with Directors and stakeholders around the Country and with organizations such as the American Bar Association's Commission on Lawyer Assistance Programs (COLAP) and proudly represented Wyoming, the Wyoming State Bar and our legal community.

9. Respondent has been approved as a CLE presenter and authorized to provide both standard CLE and Ethics CLE in multiple jurisdictions, including Wyoming, and has presented/conducted a multitude of CLE presentations to the legal community both in Wyoming and throughout the country. He has meaningfully participated in the local non-legal community as

3

well, coaching and volunteering for multiple local youth sports teams, coaching and teaching martial arts, contributing to local charitable entities and maintaining active involvement in this State and community.

10. The Review Panel unanimously finds that Respondent has met all necessary qualifications for reinstatement, is fit to practice law, has not had any additional misconduct, has done more than allow for the mere passage of time to exemplify his capacity and fitness to practice, has done so in full appreciation and consideration of his past conduct, has complied with all requirements of Rule 22(b) of the Rules of Disciplinary Procedure, and that the aforesaid facts establish that all necessary qualifications have been met for reinstatement.

WHEREFORE, the Review Panel recommends that Respondent be reinstated to the active practice of law.

**DATED** this 19 day of November, 2025.

John C. Brooks, chair
Review Panel

4